UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)  Case No. 24-12652-KHT
CREAGER MERCANTILE CO. )
EIN: 84-0505231, )  Chapter 11, Subchapter V
   Debtor. )

**ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION
DATED SEPTEMBER 27, 2024 FOR SMALL BUSINESS
UNDER CHAPTER 11, SUBCHAPTER V**

The Amended Plan of Reorganization Dated September 27, 2024 for Small Business Under Chapter 11, Subchapter V (Docket No. 127) ("Plan") under Chapter 11 of the Bankruptcy Code filed by Rocky Mountain Homecare, Inc. ("Debtor") having come before the Court for confirmation, with any objections to confirmation of the Plan having been resolved, the Court having considered the Declaration of Donald "Chip" Creager, President of the Debtor, in Support of Confirmation of the Plan, the Court having reviewed the file, finds and Orders as follows:

    1.    That the Debtor has complied with all applicable provisions of Chapter 11, Subchapter V of the Bankruptcy Code and the Plan meets the requirements of Sections 1190 and 1191(a) of the Bankruptcy Code.

    2.    The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

    3.    That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Plan and the exhibits thereto along with their relationship to and compensation from the Debtor.

    4.    That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

    5.    That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan[1], that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

    6.    That all payments made or promised by the Debtor under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Plan.

7. That all of attorney fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Debtor has filed a Summary of Voting Results (Docket No. ) ahead of the Hearing on Confirmation of the Debtor's Plan which provided, in part, as follows:

   a. Class 1 consists of the Allowed Claims pursuant to 11 U.S.C. §507(a)(4) and (a)(5). Class 1 is unimpaired and is deemed to have accepted the Plan.

   b. Class 2 consists of the Allowed Secured Claim held by Toyota Industries Commercial Finance, Inc. (Warehouse Racks). Class 2 is unimpaired and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

   c. Class 3 consists of the Allowed Secured Claim held by Toyota Industries Commercial Finance, Inc. (Forklift). Class 3 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

   d. Class 4 consists of the Allowed Secured Claim held by U.S. Small Business Administration. Class 4 is unimpaired and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

   e. Class 5 consists of the Allowed Secured Claim held by Leaf Capital Funding, LLC. Class 5 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

   f. Class 6 consists of the Allowed Secured Claim held by Associated Wholesale Grocers. Class 6 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

   g. Class 7 consists of the Allowed Claims held by unsecured creditors. Class 7 has voted to accept the Plan.

   h. Class 8 consists of the Interests held by pre-petition interests in the Debtor. Class 8 claimants are unimpaired and are deemed to have accepted the Plan. 11 U.S.C. §1126(g).

9. That on the Effective Date of the Plan, all property of the estate will revest in the Debtor free and clear of all liens and claims, except as otherwise provided in the Plan or this Order.

10. That the Debtor shall receive a discharge pursuant to Section 1141(d) upon the Effective Date of the Plan of all claims in accordance with 11 U.S.C. 1191(a) and 1192. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

11. That any objections to confirmation of the Plan having been withdrawn, resolved by Stipulation, resolved by amendment. or overruled.

12. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §1129.

**IT IS HEREBY ORDERED**

That the Amended Plan of Reorganization Dated September 27, 2024 for a Small Business Under Chapter 11, Subchapter V (Docket No. 127), filed by the Debtor on September 27, 2024, by this Order is hereby **CONFIRMED**.

DONE and entered this 1st day of October, 2024 at Denver, Colorado.

BY THE COURT:

*/s/ Kimberley H. Tyson*
Honorable Chief Judge Kimberley H. Tyson
United States Bankruptcy Court